J-S28029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VEGAS GIBSON | : | |
| | : | |
| Appellant | : | No. 13 MDA 2025 |

Appeal from the PCRA Order Entered November 21, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001851-2004

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: NOVEMBER 14, 2025**

Appellant, Vegas Gibson, appeals *pro se* from the order entered on November 21, 2024, denying his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was charged with various criminal offenses following a fatal shooting in February 2002. We previously stated:

> [O]n May 16, 2005, a jury found Appellant guilty of one count each of criminal homicide, former convict not to own a firearm, [] recklessly endangering another person, and two counts of aggravated assault. On July 26, 2005, the trial court imposed a sentence of life in prison without [the] possibility of parole. Appellant's initial PCRA petition was withdrawn in favor of a direct appeal. This Court affirmed his judgment of sentence on November 22, 2006. Our Supreme Court denied his petition for allowance of appeal on April 25, 2007.

***Commonwealth v. Gibson***, 249 A.3d 1136, at *1 (Pa. Super. 2021) (non-precedential decision). Appellant subsequently filed five prior PCRA

petitions in 2008, 2012, 2016 (two petitions filed), and 2019; all were dismissed by the PCRA court and each subsequent appeal to this Court was unsuccessful. Appellant filed the instant *pro se* PCRA petition, his sixth PCRA petition, on August 4, 2023. On September 23, 2024, Appellant filed a supplemental *pro se* PCRA petition. On September 26, 2024, the PCRA court notified Appellant of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant responded on October 27, 2024. The PCRA court dismissed Appellant's most recent PCRA petition on November 21, 2024. This timely *pro se* appeal resulted.[1]

On appeal *pro se*, Appellant raises the following issues for our review:

A. Whether the Commonwealth suppressed material exculpatory and impeachment evidence in violation of **Brady v. Maryland**, 372 U.S. 83 (1963) and **Napue v. Illinois**, 360 U.S. 264, 269-271 (1959), thereby depriving [] Appellant of due process rights guaranteed by our Fourteenth Amendment of the United States Constitution[?]

B. Whether [] Appellant was deprived of his Sixth Amendment constitutional right to counsel when Appellant was forced to represent himself at the critical arraignment without a colloquy to ascertain his understanding of the proceedings or the charges against him, thereby voiding Appellant's convictions and sentences[?[2]]

_____

[1] Appellant filed a timely *pro se* notice of appeal on December 19, 2024, pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 20, 2025.

[2] Upon review of the certified record, Appellant did not raise this issue in his most current PCRA petition. As such, we are constrained to find this claim waived for failing to raise the issue below and raising it for the first time on

*(Footnote Continued Next Page)*

- 2 -

Appellant's *Pro Se* Brief, at 3 (compete capitalization omitted).

In his first issue presented, Appellant argues that the Commonwealth withheld "five pieces of exculpatory and impeachment evidence" regarding "key witness, Jason Brown" showing Brown received a deal to testify against Appellant in exchange for the dismissal of "serious violent charges" pending against Brown who was wanted in another criminal matter at the time of Appellant's trial.[3]  *Id.* at 6-8.  In his *pro se* PCRA petition, Appellant claimed

_____

appeal. Appellant's claim is waived, due to his failure to include it in his PCRA petition.  *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

[3]   More specifically, in his *pro se* memorandum of law in support of his PCRA petition, Appellant alleged that in 2004, the Commonwealth charged Brown with attempted homicide, criminal conspiracy, and related criminal offenses, in an unrelated matter, but that those charges were ultimately dismissed for lack of *prima facie* evidence as presented at the preliminary hearing. Appellant alleged that Brown's criminal case was sealed thereafter.  *Pro Se* PCRA Memorandum of Law, 8/4/2024, at *2.  As such, Appellant maintained that the government failed to disclose information regarding a potential deal between the Commonwealth and Brown.  Appellant therefore asserts that he was entitled to a new trial since the undisclosed information was exculpatory, material to trial, and could have been used to impeach Brown.  *Id.*  Appellant attached an exhibit to his most recent PCRA petition, a copy of an article from the Harrisburg *Patriot-News* dated June 11, 2004, detailing Brown's arrest and pending charges as the result of an unrelated criminal incident on November 30, 2002.  *See id.* at Exhibit C.  The article states that Brown was a key witness in Appellant's case and that Brown was present with the victim and
*(Footnote Continued Next Page)*

- 3 -

that the governmental interference exception to the PCRA's timing requirements was applicable. On appeal, Appellant alleges that he learned of the potential discovery violation in December 2022 and diligently petitioned the PCRA court for relief within one year as required. *Id.* at 6.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petition[ ] raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

---

the victim's brother on February 28, 2002, when the victim was shot and killed, and the victim's brother was injured, outside the Steelton bar. *Id.* The article further notes that Brown requested to "be placed in protective custody at the prison because [Appellant] also [was] being held there." *Id.*

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, as we previously determined:

In this case, our Supreme Court denied Appellant's petition for allowance of appeal on April 25, 2007. He did not seek a writ of *certiorari* to the United States Supreme Court. Therefore, his judgment of sentence became final 90 days later, on July 24, 2007, at the expiration of the time for seeking a writ of certiorari. **See** U.S.Sup.Ct. Rule 13. In accordance with 42 Pa.C.S.A. § 9545, he had until July 24, 2008 to file a timely PCRA petition.

**Gibson**, 249 A.3d 1136, at *2. Therefore, Appellant's most recent PCRA

petition filed on August 4, 2023 is patently untimely.

"[I]f a PCRA [p]etition is untimely, a trial court has no jurisdiction to

entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa.

Super. 2000) (citations omitted). However, an untimely PCRA petition may

be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be

considered if it is filed "within one year of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2). "In the proper circumstances, **Brady** violations can implicate both the governmental and newly-discovered facts exceptions." **Commonwealth v. Nauss**, 329 A.3d 602 (Pa. Super. 2024) (non-precedential decision).

This Court previously explained:

The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth v. Brown**, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

In addition, our Supreme Court previously stated that

a **Brady** violation may fall within the governmental interference exception, [if the petitioner pleads and proves] the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court determined:

Appellant maintains that information regarding the criminal history of Jason Brown, a witness who testified at trial, was withheld by the prosecution. Appellant maintains that the information that was ultimately uncovered regarding Mr. Brown was sealed in 2004. For this reason, Appellant claims that he only became aware of such information in or around November or December 2023 and, therefore, [he filed the instant petition within one year of] learning [about] the information. However, he offers no explanation as to why, within the past 18 years, this information could not have been uncovered sooner with the

- 6 -

exercise of due diligence. Appellant has attached the docket sheet pertaining to Mr. Brown's case, but offers no support for his contention that the record was sealed in 2004. Further, Appellant also attaches a news article dated June 11, 2004, which discusses the arrest of Mr. Brown. Appellant's reliance on this article is misplaced for his purposes, as it shows that information regarding Mr. Brown was readily available in 2004.

PCRA Court Opinion, 2/20/2025, at 5.

Upon review, we discern no error of law or abuse of discretion in dismissing Appellant's most recent PCRA petition as untimely. There is no dispute that Appellant's petition is patently untimely. Moreover, Appellant's PCRA petition did not allege facts which, if resolved in his favor, would have demonstrated that Brown's unrelated arrest and criminal charges were concealed or unknown to him. The record belies Appellant's suggestion that the evidence could not have been discovered earlier despite due diligence in the almost 18 years that have passed since Appellant's convictions. The information was published in the local newspaper in 2004, as made clear by exhibits Appellant attached to his latest PCRA petition. As such, the PCRA court properly determined that Appellant's petition was not subject to a timeliness exception. We agree. In view of the 2004 article in the local newspaper, Appellant has not shown that the facts could not have been ascertained by the exercise of due diligence, nor has he demonstrated that the failure to raise this claim previously was the result of interference by government officials. Without jurisdiction, neither the PCRA court nor this Court may reach the merits of Appellant's claims. Accordingly, the PCRA court did not err in dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2025